IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>DEWANE TSE,<br>Defendant. | )<br>)<br>)<br>)   CR. NO. 13-016-M<br>)<br>)<br>)<br>)<br>) |

## ORDER

Before the Court is Defendant Dewane Tse's Motion to Suppress "all evidence seized by the Providence Police . . . as well as statements taken from Mr. Tse while he was in custody, pursuant to his arrest on January 22, 2013." (ECF No. 12 at 1.) Mr. Tse alleges that the arrest was without probable cause and therefore illegal and he asks the Court to exclude all of the evidence obtained. The United States objects, asserting that Mr. Tse's arrest "was permissible because there was probable cause to arrest him" resulting from a police investigation including the use of a confidential informant.[1] (ECF No. 14.)

In January 2013, detectives with the Providence Police Department's Narcotic and Organized Crime Bureau met with an individual who had served in the past as a reliable

---

[1] "The district court has considerable discretion in determining the need for, and the utility of, evidentiary hearings...." *United States v. Allen*, 573 F.3d 42, 50 (1st Cir. 2009). "'The test for granting an evidentiary hearing in a criminal case [is] substantive: did the defendant make a sufficient threshold showing that material facts were in doubt or dispute?'" *United States v. Vilches–Navarrete*, 523 F.3d 1, 15 (1st Cir. 2008) (quoting *United States v. Panitz*, 907 F.2d 1267, 1273 (1st Cir. 2008)). Because the Court finds that the material facts in this motion are not in doubt or dispute, it is unnecessary to conduct a hearing on this motion.

confidential informant ("CI").[2] The CI informed the detectives that he knew a person named Dewane Tse who was storing and distributing marijuana from a house located at 41 Somerset Street in Providence, Rhode Island. The CI agreed to make a controlled purchase of marijuana from Mr. Tse.

The CI went to 41 Somerset Street while the police conducted surveillance from outside the house. The CI went inside the house, through the front door and returned a few minutes later out of the same front door. The detectives followed the CI to a pre-arranged location at which time the CI handed the police a quantity of marijuana that he purchased from Mr. Tse. In the days following the buy, the police conducted sporadic surveillances of 41 Somerset Street and on several occasions observed Mr. Tse coming and going from the house utilizing a set of keys.

On January 22, 2013, the police, while conducting a surveillance of 41 Somerset Street, observed Mr. Tse pull up to the residence, enter the house, and a few minutes later returned to his car and drove off. The police followed Mr. Tse to 7 Audrey Street in Providence. At that address, they observed a man open the door holding a rifle. The police exited their unmarked vehicles and arrested both individuals. At the police station, the police retrieved a bag of marijuana from the cuff of Mr. Tse's pants, along with a silver key.

Based on this information, the police obtained a search warrant for 41 Somerset Street from the Rhode Island District Court. Using the silver key found in the cuff of Mr. Tse's pants, the police entered the premises and searched it; the search produced cocaine, marijuana, a digital scale, a silver Sturm Ruger .357 caliber revolver, an ammunition magazine, 3 rounds of .38 caliber ammunition, and a box containing 50 rounds of .357 caliber ammunition.

---

[2] The Court obtained the facts from the Affidavit submitted by the Providence Police in order to obtain an arrest warrant from the Rhode Island District Court. (ECF No. 14-1 at 4-6.) The facts in the affidavit are not in dispute.

Mr. Tse asserts that the Court should suppress all of the evidence obtained because the police arrested him without an arrest warrant or probable cause. The United States responds that the arrest was valid because the police had probable cause to believe that Mr. Tse had committed a crime based on the CI's prior purchase of marijuana from Mr. Tse.

"'Probable cause exists when police officers, relying on reasonably trustworthy facts and circumstances, have information upon which a reasonably prudent person would believe the suspect committed or was committing a crime.'" *United States v. McFarlane*, 491 F.3d 53, 56 (1st Cir. 2007) (citing *United States v. Burhoe*, 409 F.3d 5, 10 (1st Cir. 2005)). The Court finds that the police had probable cause to believe that Mr. Tse had committed a crime justifying his arrest. The police received information from a CI who had provided reliable information in the past to them.[3] The CI entered the house at 41 Somerset Street, which was under police surveillance, where he bought marijuana from Mr. Tse. The CI immediately informed the police that he had conducted a controlled purchase of marijuana from Mr. Tse. In addition to this first-hand information, the police also had collaborating information that contributed to the findings of probable cause that he had committed a crime, including the detectives' surveillance of Mr. Tse's comings and goings from 41 Somerset Street, the CI's information that Mr. Tse had sold marijuana from that house on a previous occasion, and Mr. Tse's prior convictions for drugs evidencing his familiarity with the drug trade.

Based on this Court's finding of probable cause, the finding of marijuana on Mr. Tse's person, and the affidavit in support of the later search of his house, were subsequent to a legal

---

[3] "To be sure, evidence of the informant's prior credibility is relevant and in some cases may be all that is needed to establish probable cause." *United States v. Greenburg*, 410 F.3d 63, 67 (1st Cir. 2005).

3

arrest, and therefore were proper. Mr. Tse's Motion to Suppress (ECF No. 12) is therefore DENIED.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
United States District Judge

May 14, 2013