IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff, | )<br>)<br>)<br>) |  |
| v. | ) | CR. NO. 13-016-M |
| DEWANE TSE,<br>Defendant. | )<br>)<br>)<br>)<br>) |  |

## ORDER

Before the Court is Defendant Dewane Tse's second Motion to Suppress.[1] (ECF No. 33.) The United States filed an objection. (ECF No. 40.) Mr. Tse argues that this Court should suppress all the evidence seized by the Providence Police from 41 Somerset St., Providence, R.I. on January 22, 2013 because the search warrant was defective. (ECF No. 33 at 1.) Mr. Tse asserts that the police submitted an application for the search warrant that was not supported by sufficient facts to show probable cause, and he points to six specific issues supporting his argument. *Id.* at 6-9.

None of the issues raised by Mr. Tse, either singularly or collectively, supports his assertion that the search warrant was defective for lack of sufficient facts establishing probable cause. Therefore, Mr. Tse's Motion to Suppress (ECF No. 33) is DENIED.

1. Mr. Tse first alleges that Detective Hames' affidavit statement that a confidential informant previously had never provided false or misleading information was incorrect because

---

[1] Mr. Tse initially filed a Motion to Suppress in March of 2013 (ECF No. 12). This Court denied it. (ECF No. 18.) Shortly thereafter, Mr. Tse filed a Motion for Reconsideration. (ECF No. 19.) This Court granted it. (6/7/13 Text Order.) Then this Court held an evidentiary hearing on July 24 and 26, 2013. (Transcripts at ECF Nos. 28-30.) After hearing the evidence, this Court again denied Mr. Tse's Motion to Suppress. (7/26/13 Minute Entry, Transcript of bench decision, ECF No. 30 at 46-50.)

Detective Hames testified during the evidentiary hearing that this confidential informant had in been wrong about 25% of the time. *Id.* at 6. Upon careful examination, these two statements are not inconsistent. Of the dozen times that that Detective Hames testified he had used this confidential informant, about three times the police did not find drugs.[2] (Transcript, ECF No. 28 at 60.) This does not undermine the affidavit's statement alleging that the confidential informant had never provided false or misleading information. Information that does not lead to the discovery of drugs does not establish that the information was "false" or "misleading."

   2. Mr. Tse points out that the Detective Hames' assertion in the affidavit that the confidential informant had purchased a quantity of marijuana from Mr. Tse at 41 Somerset St. within four days of the date of the affidavit is false because "Mr. Tse denies this took place"[3] and the only evidence of this transaction is the Detective Hames' testimony. *Id.* However, this Court previously found that Detective Hames was credible in describing this interaction with the confidential informant (transcript, ECF No. 30 at 48) and there is no credible evidence before the Court supporting the assertion that the controlled purchase did not take place.

   3. Mr. Tse next asserts that Detective Hames' recitation of the police surveillance of 41 Somerset Street when he observed Mr. Tse using the front door with a set of keys is "grossly misleading." *Id.* at 7. He claims that it is misleading because Detective Hames testified that the only times the police saw Mr. Tse at 41 Somerset Street were on several occasions prior to the alleged sale date and on January 22, 2013, yet his affidavit "implies a fairly strong connection between Mr. Tse and 41 Somerset Street." *Id.* There is nothing in Detective Hames testimony that in any way suggests that the statement in the affidavit concerning the strength of the

---

[2] Detective Haimes testified that: "He hasn't been wrong. Sometimes we hit a house and there were no drugs in it . . . bad timing on our part." ECF No. 28 at 60.
[3] Mr. Tse did not testify at the evidentiary hearing.

2

Mr. Tse's association with 41 Somerset Street is false or misleading or that he overstated the nature of the association between the Mr. Tse and 41 Somerset Street.

4. Mr. Tse alleges that Detective Hames again provided false information about his surveillance of 41 Somerset Street in order to strength Mr. Tse's connection to that residence. *Id.* at 8. He points to discrepancies between the facts in the affidavit and a video surveillance shown at the evidentiary hearing, as well as the detective's testimony at the evidentiary hearing. *Id.* at 7-8. While there are discrepancies between the facts asserted and the video shown, this Court does not consider those discrepancies to be material. In essence, the testimony and the video established a relationship that was referenced in the affidavit and the discrepancies were not material.

5. Mr. Tse takes issue with Detective Hames' testimony containing "specific and seemingly important details" that were not included in his affidavit. *Id.* at 8. Mr. Tse argues that: "Plainly this detail was withheld from the issuing court by Detective Haimes, though it us unknown for what purpose." *Id.* This contention does not undermine the validity of the search warrant application and the court questions the relevance of the omission to the issue before it.

6. Finally, Mr. Tse takes exception with the detective's description comparing the marijuana he found on Mr. Tse at the time of his arrest with the marijuana that the confidential informant bought. *Id.* at 8. He claims that Detective Hames mislead the Court when he said that the two were consistent with each other because he never defined the consistency and he never compared the two substances. *Id.* There is nothing misleading about Detective Hames' testimony comparing the marijuana bought by the confidential informant and that found on Mr. Tse. Mr. Tse has offered no evidence to undercut the detective's comparison.

Mr. Tse's second Motion to Suppress (ECF No. 33) is DENIED.

IT IS SO ORDERED.

/s/ John J. McConnell, Jr.
John J. McConnell, Jr.
United States District Judge

October 23, 2013